Mr. Charles S. Embry, Jr. Embry Law Firm 220 N. Willow, Suite 118 North Little Rock, AR 72114
Dear Mr. Embry:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure, which I rejected due to ambiguities in text of your proposed amendment. See Op. Att'y Gen. 2002-012. You have since made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name THE ARKANSAS ALCOHOL BEVERAGE AMENDMENT Ballot Title
AN AMENDMENT TO THE STATE CONSTITUTION:
 AN AMENDMENT TO PERMIT THE SALE AND DISTRIBUTION OF LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES IN ALL COUNTIES, CITIES, MUNICIPALITIES AND TOWNSHIPS OF THIS STATE; TO REPEAL AND NULLIFY ALL LAWS, INITIATED ACTS, AMENDMENTS, RULES, REGULATIONS, AND LOCAL OPTION ELECTION RESULTS WHICH PROHIBIT THE SALE AND DISTRIBUTION OF LIQUOR, WINE, BEER AND OTHER ALCOHOLIC BEVERAGES IN ANY COUNTY, CITY MUNICIPALITY OR TOWNSHIP OF THIS STATE; TO AUTHORIZE THE GENERAL ASSEMBLY TO ENACT ANY ALL LAWS, RULES, REGULATIONS IT DEEMS NECESSARY AND PROPER TO IMPLEMENT THE INTENT AND PURPOSES OF THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five-minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, I must again reject both your proposed popular name and ballot title due to a remaining ambiguity in the text of your proposed measure. I cannot at this time fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of this ambiguity. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguity:
Section 2 of your proposed amendment provides:
 The sale and or distribution of alcoholic beverages is hereby permitted in all Counties, Cities, Municipalities, and Townships of this State. All laws, rules regulations, Local Option Election Results which prohibit the sale and distribution of alcoholic beverages in any County, City, Municipality or Township of this State are hereby repealed and nullified."
 Section 3 provides in pertinent part: "This Amendment shall take effect and become law on the date approved by a majority of the votes cast thereon and shall become operative on that date." In directing that the proposed amendment will "take effect" and "become operative" on the date of its approval and that the statewide sale of alcoholic beverages "is hereby permitted," you are in effect declaring that the amendment will be self-executing — i.e., capable of being implemented immediately and without any legislative action. This declaration is inconsistent with the remainder of section 3, which declares: "The General Assembly shall enact any and all laws, rules, and regulations to implement this Amendment." See my discussion of ambiguity number 2 in my response to your previous submission in Ark. Op. Att'y Gen. No. 2002-012.
 As I suggested in my response to your previous submission, I cannot adequately summarize your proposed amendment in a ballot title unless you clearly specify whether you mean to authorize the immediate statewide sale of alcoholic beverages by anyone under any circumstances subject to no legislative or police-power restrictions whatsoever, whether you mean to authorize immediate sales in all counties subject to the restrictions currently applicable in wet counties, whether you mean to suspend all sales of alcohol pending legislative action (an unlikely intention, but one not ruled out by your submission as written) or whether you mean to authorize the continued sale of alcohol exclusively in wet counties pending legislative action imposing whatever statewide restrictions the General Assembly enacts to "implement th[e] Amendment." Simply put, I cannot summarize your proposal until you clarify how your amendment can "take effect" upon passage, authorizing the immediate statewide sale of alcoholic beverages, if the legislature must act in unspecified ways to implement it.
 Moreover, I am unable to determine from your proposal as submitted whether or not you intend to prohibit state and local authorities from conditioning the sale of alcohol in the exercise of the police power. For instance, would your proposed amendment prohibit or repeal any law restricting the sale of alcoholic beverages, such as the current law prohibiting sales to minors, A.C.A. § 3-3-302, or sales on Sunday, A.C.A. § 3-3-210? I cannot summarize your amendment until you clarify its effect on the existing regulatory scheme.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General